## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

BIRDELL BOURDON,

       Petitioner,

v.                                     No. CIV 08-0579 JB/DJS

HON. H. PAUL TSOSIE, CHIEF JUDGE,
SANTA CLARA PUEBLO TRIBAL COURT,

       Respondent.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on the Respondent's Motion to Dismiss Petition for Writ of *Habeas Corpus*, filed on April 14, 2009 (Doc. 15). On August 8, 2008, the Court entered an order (Doc. 8) under 28 U.S.C. § 636(b)(1)(B) referring this habeas corpus proceeding to the assigned Magistrate Judge for proposed findings and recommendations. On review of the docket and "for good cause shown on its own motion," § 636(c)(4), the Court now considers Respondent Chief Judge H. Paul Tsosie's motion to dismiss. *See In re Cray Computer Corp.* No. 96-1067, 1997 WL 111264, at *2 n.6 (10th Cir. Mar. 13, 1997) ("[T]he district court acted within its power when it ruled on Cray's motion notwithstanding the previous reference to a magistrate judge."); *Leab v. Cincinnati Ins. Co.*, No. CIV.A. 95-5690, 1997 WL 736865, at *3 (E.D. Pa. Nov. 19, 1997) ("[M]y desire to do my own work constitutes sufficient good cause for me to take the case back to my own docket.").

This proceeding is not Petitioner Birdell Bourdon's first attempt to litigate in this Court the subject matter underlying her petition. *See Bourdon v. Office of the Governor*, No. CV 01-1158 WJ/LCS; *Bourdon v. Sisneros*, No. CV 08-0444 MV/LFG. In this habeas-corpus petition, Bourdon

asserts that the Santa Clara Pueblo Tribal Court banished her from her home and land, imposing a life sentence with a number of conditions.  For relief, she seeks release from custody and return to her homeland.  Tsosie argues that this Court should dismiss Bourdon's petition for failure to exhaust tribal-court remedies.  Bourdon has not responded to the motion.

In his motion to dismiss, Tsosie alleges that Bourdon failed to exhaust tribal-court remedies before filing the petition in this proceeding.  He argues that the Court must dismiss a habeas-corpus petition under the Indian Civil Rights Act of 1968, 25 U.S.C. §§ 1301-03 ("ICRA"), where a petitioner has not first exhausted tribal court remedies.  Attached to the motion is an affidavit by the Clerk of the Santa Clara Tribal Court stating that the Southwest Inter-Tribal Court of Appeals is the appellate court for the Pueblo of Santa Clara.  The affiant also states that Bourdon has not filed a petition for writ of habeas-corpus in tribal court.  In support of Tsosie's assertion that tribal habeas corpus proceedings would not be futile, he attaches copies of certain provisions from the Santa Clara Pueblo Tribal Code.

The terms of the ICRA do not include an exhaustion requirement.  *See 25 U.S.C.* §§ 1301-03. Federal judicial interpretation, however, requires that a habeas petitioner under ICRA exhaust tribal-court remedies before relief can be granted under § 1303.  *See, e.g., Iowa Mut. Ins. Co. v. LaPlante*, 480 U.S. 9, 16-17 (1987); *Harvey ex rel. Chavez v. Star,* No. 95-2283, 1996 WL 511586, at *1 n.2 (10th Cir. Sept. 10, 1996) (citing *Nat'l Farmers Union Ins. Cos. v. Crow Tribe of Indians,* 471 U.S. 845, 856 (1985).  "[E]xhaustion of tribal remedies means that tribal appellate courts must have the opportunity to review the determinations of the lower tribal courts." *Iowa Mut. Ins. Co.*, 480 U.S. at 17.

Tsosie does not expressly assert that a petitioner must exhaust tribal-court habeas-corpus remedies, in addition to appellate remedies, before filing a federal petition.  The general rule is that

"[t]he exhaustion requirement is satisfied if the issues have been 'properly presented to the highest . . . court, either by direct review of the conviction or in a post conviction attack.' " *Brown v. Shanks*, 185 F.3d 1122, 1124 (10th Cir. 1999) (quoting *Dever v. Kansas State Penitentiary*, 36 F.3d 1531, 1534 (10th Cir. 1994)) (discussing state-court remedies).  Pertinent case law does not require that a petitioner litigate habeas-corpus claims in tribal court before filing a federal petition under ICRA.  *See Selam v. Warm Springs Tribal Corr. Facility*, 134 F.3d 948, 954 (9th Cir. 1998) (discussing exhaustion through tribal appellate process); *Means v. Northern Cheyenne Tribal Court*, 154 F.3d 941, 949 (9th Cir. 1998), *overruled on other grounds by United States v. Enas*, 255 F.3d 662, 675 n.8 (9th Cir. 2001); *Frazer v. Superior Court*, No. C 01-01994 WHA, 2001 WL1456793, at *9 (N.D. Cal. Nov. 5, 2001).

Here, Bourdon states in her petition that she appealed the tribal-court order to the Southwest Inter-Tribal Court of Appeals.  Tsosie's motion to dismiss addresses only the failure to pursue tribal habeas-corpus remedies.  The motion thus fails to demonstrate that Bourdon's appeal did not allow tribal appellate courts the opportunity to consider the issues that she now raises in her petition.  The Court will deny the motion to dismiss.  The Court expresses no opinion on the merits of the petition, and the order of reference (Doc. 8) remains in effect, or if necessary, is reimposed or the case re-referred by this order, for a recommended disposition of Bourdon's claims.

**IT IS THEREFORE ORDERED** that the Respondent's Motion to Dismiss Petition for Writ of *Habeas Corpus* is denied.

_____
UNITED STATES DISTRICT JUDGE