IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO


**BIRDELL BOURDON,**

    **Petitioner,**

vs.                                                                                                Cause No.  1:08-cv-579 JB/DJS

**H. PAUL TSOSIE, Chief Judge, Santa**
**Clara Pueblo Tribal Court,**

    **Respondent.**

## MAGISTRATE JUDGE'S PROPOSED FINDINGS AND RECOMMENDED DISPOSITION[1]

By *Order of Reference Relating to Bankruptcy Appeals, Social Security Appeals, and Prisoner Cases* [Doc. 8], entered August 8, 2008, this matter was referred to the undersigned to conduct hearings as warranted, and to perform any legal analysis required to recommend an ultimate disposition of the case.  For the reasons stated below, the Court recommends Respondent's *Motion to Dismiss for Lack of Jurisdiction* [Doc. 20] be granted.

**I.**     **BACKGROUND**

*Pro se* Petitioner Birdell Bourdon seeks a writ of habeas corpus, ostensibly to compel her release from custody.  [Doc. 1 at 15.]  The petition is largely lacking in sentence structure and coherent allegations.  The relevant allegations the Court can glean from the petition and its attachments are set forth below.[2]

---

[1] Within fourteen (14) days after a party is served with a copy of these proposed findings and recommendations, that party may, pursuant to 28 U.S.C. § 636(b)(1), file written objections to such proposed findings and recommendations.  A party must file any objections within the fourteen-day period allowed if that party wants to have appellate review of the findings and recommendations.  If no objections are filed, no appellate review will be allowed.

[2] The Court disregards allegations and exhibits that relate solely to Fred Bourdon, who apparently is Petitioner's husband.  The Petitioner in this case is Birdell Bourdon.  Legal proceedings involving only Mr. Bourdon are not relevant.

Ms. Bourdon was involved in two legal proceedings in Santa Clara Pueblo Tribal Court, one criminal and the other civil. Respondent H. Paul Tsosie, Chief Judge of Santa Clara Pueblo, presided over both actions.

The criminal proceeding is captioned *Santa Clara Pueblo v. Birdell Bourdon*, Case No. CR-06-217, and involved threats Ms. Bourdon allegedly made against 22 individuals. [Doc. 1-1 at 22.] Judge Tsosie dismissed the matter with prejudice on November 7, 2006 on the grounds that the "proper procedure was not followed." [Id.]

The civil case is captioned *Merton L. Sisneros v. Birdell and Fred Bourdon*, Case No. CV-08-295. This civil case apparently involved a dispute between Merton L. Sisneros and the Bourdons regarding the Bourdons' occupation of Sisneros' land assignment within the Pueblo.[3] In April 2008, Sisneros filed suit in Tribal Court apparently seeking to evict the Bourdons from his land assignment. [Doc. 1-1 at 8 (Memo dated April 1, 2008 from Merton L. Sisneros to Birdell and Fred Bourdon); Id. at 7 ("Civil Summons and Notice of Action").] According to a Court Order attached to the petition, Judge Tsosie resolved the case in favor of Sisneros, and ordered the Bourdons to vacate the premises at issue, specifically, "premises as described in the Santa Clara Pueblo Tribal Counsel decision of Land Assignment, dated September 18th, 2001." [Id. at 5.]

Judge Tsosie now moves to dismiss this case on the grounds that the Court lacks jurisdiction. [Docs. 20, 21.] Ms. Bourdon has filed a document the Court construes as opposition to the motion to dismiss. [Doc. 22.]

---

[3] The land dispute between the Bourdons and Sisneros has been the subject of two previous actions Ms. Bourdon filed in this court: *Bourdon v. Gutierrez*, 1:01-cv-1158 WJ/LCS and *Bourdon v. Santa Clara Pueblo*, 1:08-cv-444 MV/DJS. Both actions were dismissed early in the proceedings for lack of jurisdiction and the alternative ground of failure to state a claim.

## II.   DISCUSSION

### A.   Legal Standards

Judge Tsosie argues the Court lacks jurisdiction because: (1) Ms. Bourdon was not being detained by the Pueblo at the time she filed her Petition; and (2) Ms. Bourdon, a non-member, cannot assert a claim of banishment against the Pueblo. [Doc. 21.] Judge Tsosie's attack goes beyond the allegations of the complaint and challenges facts upon which subject matter jurisdiction depends; it thus constitutes a factual, as opposed to a facial attack. *Holt v. United States*, 56 F.3d 1000, 1003 (10th Cir. 1995). When reviewing a factual attack on subject matter jurisdiction, the court has wide discretion to consider documents outside the pleadings. *Id.* Furthermore, "[b]ecause the jurisdiction of federal courts is limited, there is a presumption against our jurisdiction, and the party invoking federal jurisdiction bears the burden of proof." *Merida Delgado v. Gonzales*, 428 F.3d 916, 919 (10th Cir. 2005).

Ms. Bourdon filed her petition on a form designated for persons in state custody. [Doc. 1 (Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody).] However, because she apparently is challenging a tribal court judgment or judgments, the Court construes her petition as arising under 25 U.S.C. § 1303 which states:

> The privilege of the writ of habeas corpus shall be available to any person, in a court of the United States, to test the legality of the detention by order of an Indian tribe.

25 U.S.C. § 1303.

To invoke the Court's jurisdiction under section 1303, a petitioner must be in "detention by order of an Indian tribe." The term "detention" under this statute is analogous to the "in custody" requirement contained in the federal habeas statute. *Dry v. CFR Court of Indian Offenses for the Choctaw Nation*, 168 F.3d 1207, 1208 n.1 (10th Cir. 1999). A petitioner need not show actual,

physical custody to obtain relief, but may satisfy the custody requirement if he or she is subject to severe restraints on his or her individual liberty. *Id.* A tribe member's banishment from tribal lands constitutes a severe restraint on liberty sufficient to confer jurisdiction under section 1303. *Poodry v. Tonawanda Band of Seneca Indians*, 85 F.3d 874, 895 (2d. Cir. 1996). "The petitioner must satisfy the custody requirement at the time the habeas action is filed." *Mays v. Dinwiddie*, 580 F.3d 1136, 1139 (10th Cir. 2009).

### B. Ms. Bourdon has not met her burden of establishing jurisdiction.

#### 1. Ms. Bourdon has not shown she was in physical custody at the time she filed her petition.

Judge Tsosie alleges Ms. Bourdon was not detained pursuant to a tribal court order at the time she filed her petition in June 2008. With respect to the criminal matter that is the subject of her petition, Judge Tsosie claims he dismissed the case with prejudice more than eighteen months before Ms. Bourdon filed for habeas relief. An exhibit attached to the petition supports his claim. [Doc. 1-1 at 1 (Order of Dismissal).]

Judge Tsosie also claims Ms. Bourdon was not in physical custody in connection with the civil matter in June 2008. His affidavit states that in April 2008, he ordered Ms. Bourdon to vacate Merton Sisneros' land assignment. [Doc. 21-2, ¶ 3.] When Ms. Bourdon did not comply with his order, he ordered her jailed for contempt. [Id., ¶¶ 5–7.] Ms. Bourdon was incarcerated pursuant to Judge Tsosie's contempt order from July 11, 2008 until September 9, 2008. [Id., ¶ 8.] The record thus indicates that although Ms. Bourdon eventually was incarcerated in connection with the civil matter, she was not incarcerated when she filed the instant petition.

Judge Tsosie's allegations are supported by the record and Ms. Bourdon has failed to controvert them. The Court therefore finds that she was not in physical custody pursuant to a tribal

court order when she filed her petition on June 12, 2008.

### 2. Ms. Bourdon has not shown she is subject to an order of banishment.

Judge Tsosie's argument regarding banishment is twofold. First, he argues that Ms. Bourdon has not been excluded or banished from Pueblo lands. Judge Tsosie's order in the civil case ordered Ms. Bourdon to vacate a certain premises, but did not exclude her from the Pueblo. [Doc. 1-1 at 5; Doc. 21-2, ¶ 3.] Judge Tsosie further avers that there have been no proceedings in the Santa Clara Tribal Court to exclude Ms. Bourdon from tribal lands. [Doc. 21-2, ¶ 11.]

Second, Judge Tsosie argues that Ms. Bourdon is a non-member and as such, cannot assert a claim of banishment. According to Judge Tsosie, non-members have no right to live on Pueblo lands absent permission from the Santa Clara Pueblo Council, who may exclude them at will.

Liberally construed, Ms. Bourdon's petition alleges she was banished. [Doc. 1 at 1.] However, "[w]here a party attacks the factual basis for subject matter jurisdiction, the court does not presume the truthfulness of factual allegations in the complaint, but may consider evidence to resolve disputed jurisdictional facts." *Radil v. Sanborn W. Camps, Inc.*, 384 F.3d 1120, 1224 (10th Cir. 2004).

Here, Judge Tsosie has established by competent evidence that Ms. Bourdon has not been banished or excluded from the Pueblo. Ms. Bourdon has failed to controvert the evidence and there is no indication from the record that she has been prohibited from entering Pueblo lands. Thus, although banishment constitutes a severe restriction sufficient to support habeas jurisdiction, the Court finds that Ms. Bourdon has failed to meet her burden in this regard. The Court therefore need not determine whether exclusion (or banishment) of a non-member constitutes a detention under section 1303. *Walton v. Tesuque Pueblo*, 443 F.3d 1274, 1279 n.2 (10th Cir. 2006) (where petitioner fails to establish banishment, court need not determine whether banishment of a non-Indian constitutes a detention under section 1303).

### III. CONCLUSIONS and RECOMMENDATION

The Court concludes that Ms. Bourdon's petition arises under 25 U.S.C. § 1303. The Court further concludes that federal jurisdiction is lacking because Ms. Bourdon has not met the detention requirement that is a prerequisite for habeas relief under section 1303. The Court therefore recommends that Respondent's *Motion to Dismiss for Lack of Jurisdiction* [Doc. 20] be granted.

_____
**DON J. SVET**
**United States Magistrate Judge**